

DOCKET NO. 473

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE BRADSHAW AVIATION INSURANCE LITIGATION

ORDER DENYING TRANSFER

Presently before the Panel is a motion, pursuant to 28 U.S.C. §1407, brought by E.G. Bradshaw (an individual named as a defendant in the two actions listed on the attached Schedule A) and his wife (an individual named as a defendant in the Central District of California action listed on Schedule A) for centralization of the two actions on Schedule A in a single district for coordinated or consolidated pretrial proceedings.

On the basis of the papers filed,[1/] we find that Section 1407 transfer would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of the litigation. Given the minimal number of actions before us, movants have failed to persuade us that any common questions of fact involved in these actions are sufficiently complex, and that the accompanying discovery will be so time-consuming, as to justify Section 1407 transfer. See In re Scotch Whiskey Antitrust Litigation, 299 F. Supp. 543, 544 (J.P.M.L. 1969). We note that suitable alternatives to transfer exist in order to minimize the possibility of duplicative discovery and/or conflicting pretrial rulings. See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation, 446 F. Supp. 242, 244 (J.P.M.L. 1978). See also Manual for Complex Litigation, Parts I and II, §§3.11 (rev. ed. 1977).

IT IS THEREFORE ORDERED that the motion for transfer pursuant to 28 U.S.C. §1407 be, and the same hereby is, DENIED.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

---

1/ The parties to this docket waived their right to oral argument and therefore the question of transfer under 28 U.S.C. §1407 was submitted on the briefs. Rule 14, R.P.J.P.M.L., 89 F.R.D. 273, 283-84 (1981).



DOCKET NO. 473

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE BRADSHAW AVIATION INSURANCE LITIGATION

ORDER DENYING TRANSFER

Presently before the Panel is a motion, pursuant to 28 U.S.C. §1407, brought by E.G. Bradshaw (an individual named as a defendant in the two actions listed on the attached Schedule A) and his wife (an individual named as a defendant in the Central District of California action listed on Schedule A) for centralization of the two actions on Schedule A in a single district for coordinated or consolidated pretrial proceedings.

On the basis of the papers filed,[1/] we find that Section 1407 transfer would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of the litigation. Given the minimal number of actions before us, movants have failed to persuade us that any common questions of fact involved in these actions are sufficiently complex, and that the accompanying discovery will be so time-consuming, as to justify Section 1407 transfer. See In re Scotch Whiskey Antitrust Litigation, 299 F. Supp. 543, 544 (J.P.M.L. 1969). We note that suitable alternatives to transfer exist in order to minimize the possibility of duplicative discovery and/or conflicting pretrial rulings. See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation, 446 F. Supp. 242, 244 (J.P.M.L. 1978). See also Manual for Complex Litigation, Parts I and II, §§3.11 (rev. ed. 1977).

IT IS THEREFORE ORDERED that the motion for transfer pursuant to 28 U.S.C. §1407 be, and the same hereby is, DENIED.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

---

[1/] The parties to this docket waived their right to oral argument and therefore the question of transfer under 28 U.S.C. §1407 was submitted on the briefs. Rule 14, R.P.J.P.M.L., 89 F.R.D. 273, 283-84 (1981).

SCHEDULE A

MDL-473 -- <u>In re Bradshaw Aviation Insurance Litigation</u>

<u>CENTRAL DISTRICT OF CALIFORNIA</u>

| | |
|---|---|
| Paul M. Roth, et al. v. E.G. Bradshaw, et al. | Civil Action No. 80-04797-AAH(Kx) |

<u>WESTERN DISTRICT OF NORTH CAROLINA</u>

| | |
|---|---|
| National Aviation Underwriters v. E.G. Bradshaw, et al. | Civil Action No. A-C 80-0224 |